HOWARD A, FISCHER (*Admitted Pro Hac Vice*)
Email:  FischerH@sec.gov
BENNETT ELLENBOGEN (*Admitted Pro Hac Vice*)
Email:  EllenbogenB@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
200 Vesey Street, Suite 400
New York, New York 10281
Telephone: (212) 336-0589

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>     vs.<br><br>PREMIER HOLDING CORPORATION, et al,,<br><br>           Defendants. | Case No. 8:18-cv-00813-CJC-KES<br><br>**JOINT REPORT BY PLAINTIFF SECURITIES AND EXCHANGE COMMISSION AND DEFENDANTS PREMIER HOLDING CORPORATION AND RANDALL LETCAVAGE PURSUANT TO FED. R. CIV. P. 26(F) AND L.R. 26-1**<br><br>Date:      n/a<br>Time:      n/a<br>Place:     Courtroom 9B<br>Judge:    Hon. Cormac J. Carney |

## I. INTRODUCTION

Plaintiff Securities and Exchange Commission ("SEC"), and Defendants Premier Holding Corporation ("Premier") and Randall Letcavage ("Letcavage") (together, the "Participating Defendants"), submit this joint report pursuant to Fed. R. Civ. P. 26(f) and L.R. 26-1 ("Joint Report"). Defendant Joseph Greenblatt ("Greenblatt") has not responded to requests to participate in drafting this Joint Report. The SEC and Participating Defendants initially conferred prior to the filing of the Civil Case Management Plan on February 21, 2018 while this litigation was pending in the Southern District of New York (*SEC v. Premier Holding Corp., et al.*, 17-cv-9485 (the "New York Litigation")) and again on May 23, 2018 after this matter was transferred to the Central District of California. The Court in the New York Litigation adjourned Defendants' time to submit their Answers to the Complaint pending the disposition of the Participating Defendants' Motion to transfer the action to this Court. As such, to date no Answers have been filed; nor has a date for Defendants to file their Answers been set. To date, Greenblatt has not participated in this litigation.

The SEC and the Participating Defendants jointly propose the date of June 22 for submission of Answers or dispositive motions.

### A. Timing of Initial Disclosures

The SEC and Participating Defendants agreed to, and did, make initial disclosures required by Fed. R. Civ. P. 26(a) prior to this matter's transfer to the Central District of California.

### B. Nature and Basis of Claims and Defenses

#### 1. SEC's Position

The SEC proposes to continue to take discovery on the matters alleged in the Complaint, including related to the transactions set out therein. The SEC also proposes to take discovery with respect to any affirmative defenses asserted, but as Answers have not yet been filed the SEC cannot state with any certainty the scope of

that discovery.

### 2. Participating Defendant's Position

Participating Defendants, without prejudice to their rights to seek discovery on any relevant issues, contemplate that they will need and seek discovery concerning: the basis of Plaintiff's claims, theories of liability and damages, Participating Defendants defenses to each, and any and all factual, evidentiary, and legal support.

### C. Preservation of Discoverable Information and Privilege Issues

The parties recognize their duty to preserve all relevant electronically stored information.

### D. Proposed Discovery Plan

#### SEC and Participating Defendants' Position

The SEC and Participating Defendants propose to conduct fact and expert discovery. Discovery has been complicated by the fact that counsel for the Participating Defendants was not involved in the underlying investigation that led to this action, and that one of the prior attorneys for the Participating Defendants is currently incarcerated for securities fraud. The Participating Defendants have advised the SEC that their ability to respond to the SEC's discovery requests has been hampered by their lack of knowledge of what was previously produced by prior counsel. In addition, prior productions by the Participating Defendants were not Bates stamped, or otherwise controlled, and their counsel was never able to confirm whether they made a complete production. Consequently, the SEC has produced the entirety of its disclosable investigative file to the Participating Defendants, in order to assist them in their effort to ensure that they produce materials responsive to the SEC's outstanding discovery requests in a timely and complete fashion. The parties agreed that the SEC would produce its responses to outstanding requests, including the entirety of its disclosable investigative file, on or before June 1, 2018, and that responses on the SEC's outstanding discovery requests would be due on or before

2

July 1, 2018. Depositions have not yet commenced as the fact that Answers to the Complaint have not yet been produced has hampered the SEC's ability to understand fully the scope of any potential defenses.

The SEC and Participating Defendants propose a fact discovery cut-off date of November 9, 2018.

The SEC and Participating Defendants propose that the parties identify any experts by August 1, 2018; any SEC expert reports should be produced by November 16, 2018 and any responding expert reports should be produced by December 7, 2018. The SEC and Participating Defendants propose that all expert discovery, including depositions of the identified experts, be completed no later than January 18, 2019, and that the parties bear their own costs of such expert discovery.

### E. Changes in the Limitations on Discovery

#### 1. SEC's Position

The SEC proposes to increase the number of depositions to 12 for each party, without prejudice to seeking leave for additional depositions as needed.

#### 2. Participating Defendants' Position

Participating Defendants do not request any changes in the discovery limitations set forth in the FRCP.

### F. Complex Cases

The parties agree that this is not a complex case and the procedures set forth in the Manual for Complex Litigation need not be utilized.

### G. Motions Schedule

#### SEC and Participating Defendants' Position

The SEC and Participating Defendants propose that all dispositive motions should be filed on or before March 4, 2019, with oppositions due on or before April 1, 2019, and any replies in further support of such motions would be due April 22, 2019. The SEC and the Participating Defendants further propose that the Court set dates for motions *in limine* or pursuant to Fed.R.Evid. 702 be set by the Court after its

determination of any dispositive motions.

### H. Additional Parties

**SEC and Participating Defendants' Position**

The SEC and Participating Defendants do not anticipate that they would add additional parties in this litigation.

### I. Settlement

**SEC and Participating Defendants' Position**

The SEC and Participating Defendants propose that ADR Procedure No. 1 be utilized.

### J. Trial Estimate

**1. SEC's Position**

The SEC estimates that two and one-half weeks will be needed for trial.

**2. Participating Defendants' Position**

Defendant estimates that 10-13 court days will be needed for trial.

Respectfully submitted,

Dated: July 12, 2018

/s/ Howard A. Fischer
Howard A. Fischer
Bennett Ellenbogen
Attorneys for Plaintiff
Securities and Exchange Commission

Dated: July 12, 2018

/s/Anthony N. DeMint
Anthony N. DeMint
Attorney for Defendants Premier Holding Corporation and Randall Letcavage

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Howard Fischer

4

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
200 Vesey Street, New York, NY 10281
Telephone No. (212) 336-0062.

On July 12, 2018, I caused to be served the document entitled **JOINT REPORT BY PLAINTIFF SECURITIES AND EXCHANGE COMMISSION AND DEFENDANTS PREMIER HOLDING CORPORATION PURSUANT TO FED. R. CIV. P. 26(F) AND L.R. 26-1** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 12, 2018            */s/ Bennett Ellenbogen*
                               Bennett Ellenbogen

5

**SEC v. Premier Holding et al.**
**United States District Court—Central District of California**
**Case No**. 8:18-cv-00813-CJC-KES

## SERVICE LIST

Anthony N. DeMint **(served by CM/ECF only)**
DeMint Law, PLLC
3753 Howard Hughes Parkway
Second Floor, Suite 314
Las Vegas, NV 89169
Email:  anthony@demintlaw.com
*Attorney for Defendants Premier Holding Corporation and Randall Letcavage*

Joseph Greenblatt **(served by UPS, email and regular mail)**
1701 Brookshire Ave.
Tustin, CA 92780-6642
Email:  jboatjoe@gmail.com
*Pro Se*