Anthony N. DeMint (Admitted Pro Hac Vice)
Email: anthony@demintlaw.com
**DeMint Law, PLLC**
3753 Howard Hughes Parkway
Second Floor Suite 314
Las Vegas, Nevada  89169
Telephone: (702) 714-0889

Darryl C. Sheetz (SBN 98604)
Email: dcsheetz@aol.com
**Law Offices of Darryl C. Sheetz**
335 Centennial Way, Suite 100
Tustin, California  92780
Telephone: (949) 553-0300

Attorneys for Defendants
Premier Holding Corporation and Randall Letcavage

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>vs.<br><br>PREMIER HOLDING CORPORATION, et al.,<br><br>              Defendants. | *Case No.* 8:18-CV-00813-CJC-KES<br><br>Hon. Cormac J. Carney<br>Courtroom 9B<br><br>**DEFENDANTS PREMIER HOLDING CORPORATION AND RANDALL LETCAVAGE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

1

*Case No.* 8:18-CV-00813-CJC-KES
*DEFENDANTS PREMIER HOLDING CORPORATION AND RANDALL LETCAVAGE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT*

Defendants, Premier Holding Corporation ("Premier") and Randall Letcavage ("Letcavage", and together with Premier, "Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 7 and 8, hereby serve their answer and affirmative defenses to the Complaint filed by plaintiff, Securities and Exchange Commission ("Plaintiff"), and say:

## SUMMARY

1.     Denied as to Defendants.

2.     Denied as to Defendants.

3.     Denied as to Defendants.

## VIOLATIONS

4.     Denied as to Premier.

5.     Denied as to Letcavage.

6.     Defendants are without knowledge as to this allegation.

## JURISDICTION AND VENUE

7.     This allegation contains a statement of law and no allegations of ultimate fact against Defendants.

8.     Denied that the original Court (Southern District of New York) had jurisdiction with respect to this lawsuit; however, admitted that the transferred Court (Central District of California) has jurisdiction with respect to this lawsuit.

9.     Denied that venue was proper in the Southern District of New York.

10.     Admitted that Defendants engaged in interstate commerce; any and all liability of Defendants is denied.

## DEFENDANTS

11.     Admitted as to Premier.

12.     Admitted Letcavage is 60, is the Chairman, President, CEO and prior strategic consultant of Premier. Otherwise denied.

13.     Defendants are without knowledge.

## **OTHER RELEVANT PARTIES**

14. Defendants are without knowledge.

15. Defendants are without knowledge.

16. Defendants are without knowledge.

17. Admitted as to Premier purchasing 80% of TPC. Otherwise denied.

18. Defendants are without knowledge.

19. Admitted as to WePower Ecolutions being a former wholly-owned subsidiary of Premier. Otherwise denied.

20. Defendants are without knowledge.

21. Defendants are without knowledge.

## **FACTS**

22. Denied as to Letcavage.

23. Denied as to Letcavage.

24. Defendants are without knowledge.

25. Defendants are without knowledge.

**The December 2011 Related-Party Transaction: Letcavage Takes
Control of Premier and Causes the Company to Buy Purported Assets
from Companies He and Individual A Controlled**

26. Denied as to Defendants.

27. Admitted that Premier provided clean energy products and services through its subsidiaries. Otherwise denied.

28. Denied as to Defendants.

**The January 2013 Money-Losing-Operations-for-Note Swap
and Creation of the "$5 Million Note"**

29. Denied as to Defendants.

30. Denied as to Defendants.

31. Denied as to Defendants.

32. Denied as to Defendants.

3

33.     Denied as to Defendants.

34.     Denied as to Defendants.

35.     Denied as to Defendants.

36.     Denied as to Defendants.

37.     Admitted that Premier issued a press release titled "Premier Holding Corp. Shareholder Letter" on or about December 27, 2012. Otherwise denied.

**Defendant's "Transform a Loss Into a Gain**

38.     Denied as to Defendants.

39.     Admitted that Premier's Form 10-K for the year ended December 31, 2012 was filed with the SEC on April 22, 2013. Otherwise denied.

40.     Denied as to Defendants.

41.     Denied as to Defendants.

42.     Defendants are without knowledge.

43.     Denied as to Letcavage.

44.     Denied as to Defendants.

45.     Denied as to Defendants.

46.     Denied as to Defendants.

47.     Denied as to Defendants.

**Disingenuous Origin of the $869,000 Valuation**

48.     Denied as to Premier.

49.     Denied as to Premier.

50.     Defendants are without knowledge.

51.     Defendants are without knowledge.

52.     Defendants are without knowledge.

53.     Denied as to Letcavage.

54.     Denied as to Letcavage.

55.     Defendants are without knowledge.

**The February 2013 TPC Transaction**

56.  Admitted by Premier.

57.  Denied as to Defendants.

58.  Denied as to Premier.

**Premier Improperly Accounted for Its TPC Stake**

59.  Denied as to Premier.

60.  Denied as to Premier.

61.  Denied as to Premier.

62.  Denied as to Premier.

63.  Denied as to Premier.

**The February 2014 Note-for-Stock Swap**

64.  Admitted that the first payment on the Note was for $50,000 and was due in December of 2013. Otherwise denied.

65.  Denied as to Defendants.

66.  Denied as to Premier.

67.  Denied as to Defendants.

68.  Denied as to Defendants.

69.  Denied as to Defendants.

70.  Denied as to Defendants.

**Premier's Failure to Make Required Disclosures About Letcavage's "Perks"**

71.  This allegation contains a statement of law and no allegations of ultimate fact.

72.  Admitted by Letcavage that Premier's 2013 Form 10-K discloses his compensation during the year ended December 31, 2013, directly or through related entities was $240,000 as compensation for his role as our CEO and CFO, and $37,500 for consulting, for a total of $277,500, and $661,319 for contract labor, including payments to Nexalin Technology specifically for the direct costs related to independent contractors performing sales lead generation (Nexalin Technology is in an unrelated business to Premier, and Mr. Letcavage was its president in 2013), which was not reported as income. Further, the 2013 Form 10-K disclosed that during the year

5

ended December 31, 2013, Premier has paid $66,287 to iCapital Advisory for consulting services, a related party entity which Mr. Letcavage is the president of. Otherwise denied.

73. Denied as to Defendants.

## FIRST CLAIM FOR RELIEF
### Violations of Section 10(b) of the Exchange Act and Exchange Act Rule 10B-5
### (Premier and Letcavage)

74. Defendants restate and reaffirm each and every response to the allegations contained in paragraphs 1-73 above as if fully set forth herein.

75. Denied as to Defendants.

76. This allegation contains a statement of law and no allegations of ultimate fact.

## SECOND CLAIM FOR RELIEF
### Violations of Section 17(a) of the Securities Act
### (Premier and Letcavage)

77. Defendants restate and reaffirm each and every response to the allegations contained in paragraphs 1-73 above as if fully set forth herein.

78. Denied as to Defendants.

79. This allegation contains a statement of law and no allegations of ultimate fact.

## THIRD CLAIM FOR RELIEF
### Violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act
### (Premier)

80. Premier restates and reaffirms each and every response to the allegations contained in paragraphs 1-73 above as if fully set forth herein.

81. Denied as to Premier.

82. Denied as to Premier.

83. This allegation contains a statement of law and no allegations of ultimate fact.

## FOURTH CLAIM FOR RELIEF
### Violations of Section 13(a) of the Exchange Act and Exchange Act Rules 13a-1, 13a-11, and 13a-13
### (Premier)

84. Premier restates and reaffirms each and every response to the allegations contained in paragraphs 1-73 above as if fully set forth herein.

85. Denied as to Premier.

86. Denied as to Premier.

## FIFTH CLAIM FOR RELIEF
### Violation of Section 13(a) of the Exchange Act and Exchange Act Rule13a-14
### (Letcavage)

87. Letcavage restates and reaffirms each and every response to the allegations contained in paragraphs 1-73 above as if fully set forth herein.

88. This allegation contains a statement of law and no allegations of ultimate fact.

89. This allegation contains a statement of law and no allegations of ultimate fact.

## SIXTH CLAIM FOR RELIEF
### Violation of Section 13(b)(5) of the Exchange Act and Exchange Act Rule13b2-1
### (Letcavage and Greenblatt)

90. Letcavage restates and reaffirms each and every response to the allegations contained in paragraphs 1-73 above as if fully set forth herein.

91. Denied as to Letcavage.

92. This allegation contains a statement of law and no allegations of ultimate fact.

## SEVENTH CLAIM FOR RELIEF
### Control Person Liability for Premier's Violations of Section 10(b)
### of the Exchange Act and Exchange Act Rule 10b-5
### (Letcavage)

93. Letcavage restates and reaffirms each and every response to the allegations contained in paragraphs 1-73 above as if fully set forth herein.

94. Denied as to Defendants.

95. This allegation contains a statement of law and no allegations of ultimate fact.

96. Denied as to Letcavage.

97. Denied as to Letcavage.

98. This allegation contains a statement of law and no allegations of ultimate fact.

## EIGHTH CLAIM FOR RELIEF
### Control Person Liability for Premier's Violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of
### the Exchange Act
### (Letcavage)

*DEFENDANTS PREMIER HOLDING CORPORATION AND RANDALL LETCAVAGE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT*

99.    Letcavage restates and reaffirms each and every response to the allegations contained in paragraphs 1-73 above as if fully set forth herein.

100.    Denied as to Defendants.

101.    Denied as to Defendants.

102.    This allegation contains a statement of law and no allegations of ultimate fact.

103.    Denied as to Letcavage.

104.    Denied as to Letcavage.

105.    This allegation contains a statement of law and no allegations of ultimate fact.

## NINTH CLAIM FOR RELIEF
**Control Person Liability for Premier's Violations of Sections 13(a) of the Exchange Act and Exchange Act Rules 13a-1, 13a-11, and 13a-13**
**(Letcavage)**

106.    Letcavage restates and reaffirms each and every response to the allegations contained in paragraphs 1-73 above as if fully set forth herein.

107.    Denied as to Defendants.

108.    Denied as to Defendants.

109.    Denied as to Letcavage.

110.    Denied as to Letcavage.

111.    This allegation contains a statement of law and no allegations of ultimate fact.

## TENTH CLAIM FOR RELIEF
**Aiding and Abetting Liability for Premier's Violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act**
**(Letcavage and Greenblatt)**

112.    Letcavage restates and reaffirms each and every response to the allegations contained in paragraphs 1-73 above as if fully set forth herein.

113.    Denied as to Defendants.

114.    Denied as to Letcavage.

## ELEVENTH CLAIM FOR RELIEF
**Aiding and Abetting Liability for Premier's Violations of Sections 13(b)(2)(A) and 13(B)(2)(B) of the Exchange Act**
**(Letcavage and Greenblatt)**

115.   Letcavage restates and reaffirms each and every response to the allegations contained in paragraphs 1-73 above as if fully set forth herein.

116.   Denied as to Defendants.

117.   Denied as to Letcavage.

### TWELFTH CLAIM FOR RELIEF
**Aiding and Abetting Liability for Premier's Violations of Sections 13(a) of the Exchange Act and Exchange Act Rules 13a-1, 13a-11, and 13a-13
(Letcavage and Greenblatt)**

118.   Letcavage restates and reaffirms each and every response to the allegations contained in paragraphs 1-73 above as if fully set forth herein.

119.   Denied as to Defendants.

120.   Denied as to Letcavage.

WHEREFORE, Defendants respectfully request the Court enter judgment in their favor and against Plaintiff, and such other and further relief as the Court deems just and proper.

### DEFENSES & AFFIRMATIVE DEFENSES

#### First Defense

Defendants did not act with the requisite degree of scienter necessary to create liability as alleged by Plaintiff in its complaint.

#### Second Defense

Plaintiff's complaint improperly groups the Defendants together with others.

#### Third Defense

Plaintiff's complaint fails to allege fraud with sufficient particularity against the Defendants.

#### Fourth Defense

Defendants assert that they reasonably relied upon the misinformation of others; including Anton & Chia and the Valuation Firm.

**Fifth Defense**

To the extent that Plaintiff suffered any damages as alleged in the complaint, such damages were caused, in whole or in part, by the acts and omissions of the other defendants in this action or others.

**Sixth Defense**

Defendants were not unjustly enriched by their conduct alleged in the complaint, and did not receive any substantial benefit which they would not have received in the absence of such conduct.

**Seventh Defense**

There is no reasonable and substantial likelihood that the Defendants, if not enjoined, will violate securities laws in the future.

**Eighth Defense**

No person or entity suffered any cognizable damages from the conduct of Defendants alleged in the Complaint.

**Ninth Defense**

Defendants have received no ill-gotten gains.

**Tenth Defense**

The relief sought against Defendants in the complaint is grossly disproportionate to the conduct alleged.

**First Affirmative Defense**

Plaintiff's complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff's claims against the Defendants are barred by the applicable statutes of limitations.

**Third Affirmative Defense**

Plaintiff is barred from asserting claims in its Complaint by virtue of its failure to include a necessary party to this litigation.

*DEFENDANTS PREMIER HOLDING CORPORATION AND RANDALL LETCAVAGE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT*

1

### **Fourth Affirmative Defense**

2      This Court lacks subject matter jurisdiction.

3

### **Fifth Affirmative Defense**

4      To the extent that the doctrines of waiver, estoppel, set-off, laches, accord and satisfaction,

5 acquiescence, compromise and settlement, avoidable consequences and/or unclean hands are

6 applicable, the claims in the Complaint and any relief that Plaintiff may otherwise be entitled are

7 barred or limited thereby.

8

### **Sixth Affirmative Defense**

9      Defendants reserve the right to amend their affirmative defenses as discovery continues.

10

11 DATED: June 22, 2018                  Respectfully Submitted

12

13                               By: _____

14                                    Anthony N. DeMint
                                     Attorneys for Defendants
15                                    Premier Holding Corporation and Randall
                                     Letcavage
16

17

18

19

20

21

22

23

24

25

26

27

28

*DEFENDANTS PREMIER HOLDING CORPORATION AND RANDALL LETCAVAGE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT*

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

> DeMint Law, PLLC
> 3753 Howard Hughes Parkway, Second Floor Suite 314, Las Vegas, NV  89169
> Telephone No. (702) 714-0889

On June 22, 2018, I caused to be served the document entitled **DEFENDANTS PREMIER HOLDING CORPORATION AND RANDALL LETCAVAGE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** on all the parties to this action addressed as stated on the attached service list:

☐   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

 I declare under penalty of perjury that the foregoing is true and correct.

Date: June 22, 2018

_Anthony N. DeMint_

1
2

**SEC v. Premier Holding et al.**
**United States District Court—Central District of California**
**Case No**. 8:18-cv-00813-CJC-KES

3

**SERVICE LIST**

4
5

Howard A. Fischer **(served by CM/ECF only)**
Bennett Ellenbogen **(served by CM/ECF only)**

6

Securities and Exchange Commission
200 Vesey Street

7

New York, New York  10281
***Attorneys for Plaintiff Securities and Exchange Commission***

8
9

Joseph Greenblatt **(served by email and regular mail)**
1701 Brookshire Ave. Tustin, CA 92780-6642

10

Email: jboatjoe@gmail.com
***Pro Se***

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13