

| | |
|---|---|
| **UNITED STATES**<br>**SECURITIES AND EXCHANGE COMMISSION**<br>NEW YORK REGIONAL OFFICE<br>BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400<br>NEW YORK, NEW YORK 10281-1022 | WRITER & DIRECT DIAL<br><br>HOWARD A. FISCHER<br>(212) 336-0589 |

**In re SEC v. Premier Holdings, et al., 18-cv-00813 (CJC)(KES)**

# PRE-CONFERENCE SUBMISSION OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION WITH RESPECT TO INFORMAL DISCOVERY DISPUTE RESOLUTION BEFORE MAGISTRATE JUDGE KAREN E. SCOTT

December 31, 2018

Howard Fischer
Bennett Ellenbogen
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Brookfield Place, 200 Vesey Street, Room 400
New York, NY  10281-1022
(212) 336-0589
Email: FischerH@sec.gov
EllenbogenB@sec.gov

cc:     Opposing counsel (via ECF)

On March 13, 2018, or over nine months ago, plaintiff Securities & Exchange Commission ("SEC") served discovery requests on defendants Premier Holding Corp. ("Premier") and Randall Letcavage ("Letcavage") (collectively, "Defendants"). Exhibits A and B. To facilitate discovery, the SEC provided defense counsel (who was not the same counsel Defendants retained during the investigation) with productions from the investigatory phase, bates stamped. *See* Exhibit C.

Although defense counsel repeatedly assured the SEC that he was "working through documents," efforts over several months to get a date for production proved unavailing. *See, e.g.*, the correspondence attached hereto as Exhibit D. Ultimately, when Defendants produced responses in August 2018 (Exhibits E and F), they interposed the same blunderbuss objections to every single request, and produced a small fraction of what was requested. The SEC's attempts to follow up (some of which are attached hereto as Exhibit G) were met with additional delays.

1. **Defendants Have Failed to Produce Documents In Response to Most Requests**

Defendants failed to produce documents other than in response to Request Nos. 1, 2, 4, 9, 10, 13 and 14; instead, they objected that responsive documents were previously produced.

As noted, in order to facilitate Defendants' ability to respond to discovery requests, the SEC provided, in bates stamped fashion, the entirety of the prior production to Defendants. The SEC's document requests instructed Defendants that while they did not have to re-produce documents previously provided in the investigation, they had to identify those documents by bates numbers. *See* Ex. A at 5; Exhibit B at 5.

This was not done. The simple assertion that "many of such documents" were previously produced during the investigation is close to useless absent an identification, by bates number, of which previously provided documents satisfy each request. The SEC's review of those previous productions indicates that, in fact, those productions did not satisfy the SEC's current discovery requests. The SEC therefore requests that Defendants be ordered to produce, by January 18, 2019, responsive documents to those Requests for which no responsive documents were previously produced; or identify, by bates number, those documents claimed to be responsive on a request-by-request basis.

2. **Defendants Failed to Produce Materials Referenced in the Absher Testimony**

During her testimony on October 18, 2018, Connie Absher, a former employee of Defendants', testified as to the existence of certain documents that the SEC had requested but were not turned over previously. Ms. Absher stated that the Quickbooks introduced as Deposition Exhibit 39 would have likely had documents attached constituting back up for many of the entries. *See, e.g.*, Absher Transcript at 74, 76-77. Ms. Absher testified, "I kept files for pretty much everything." *Id*. at 78. Second, Ms. Absher testified that there were emails and other documents memorializing her audit of TPC contracts, a central issue in this litigation. Transcript 103. Ms. Absher also testified that with respect to the results of her audit: "I'm pretty sure I had it in an Excel sheet, so I think there was a document created." Transcript at 107; *see also id*. at 109 ("I remember I had to write it on something.") These transcript pages are attached as Exhibit H.

Since these materials would be responsive to multiple document requests (including Document Request Nos. 1, 2, 6, 9, and 23), the SEC demanded their production following the deposition. *See* Exhibit I. Notwithstanding repeated promises that Premier was "in the process" of

responding (see emails attached as Exhibit J) nothing was ever provided. The SEC therefore requests that that Defendants be ordered to produce these materials on or before January 18, 2018.

### 3. Defendants Have Refused to Provide A 30(b)(6) Witness

On September 20, 2018, the SEC served notice for a Fed.R.Civ.Proc. 30(b)(6) deposition regarding Premier's document productions in both the investigation and the above-captioned action. Exhibit K. As the correspondence attached as Exhibit L attests, while Defendants originally identified Letcavage as the 30(b)(6) witness in an email dated October 9, 2018, they have refused to produce a witness. First, they cancelled the scheduled deposition only days before it was to commence (and after the SEC counsel had made plans to come to Los Angeles). Then, after that deposition was rescheduled for December 6, 2018, defense counsel cancelled it by email dated December 4, after the SEC attorneys had arrived in Los Angeles. Moreover, that December 6 email then identified another person as the 30(b)(6) witness, but then claimed she was unavailable during the time the SEC attorneys were in Los Angeles.

The SEC requests that Defendants be compelled to pay for the court reporter's time for the cancelled December 6 deposition, two days of the SEC's hotel bills in Los Angeles, as well as a portion of the flight costs. Furthermore, the SEC requests that Defendants be ordered to provide the 30(b)(6) witness in NYC, at the SEC's office, at Defendant's cost, at a date certain convenient to SEC counsel, and as expeditiously as possible.

### 4. Defendants Have Failed To Provide a Privilege Log to Bolster Privilege Claims.

Although Defendants interposed privilege objections to each request, no privilege log has been provided, and Defendants have declined to state whether they will ever produce a privilege log. Rule 26(b)(5) provides that "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Courts in this Circuit have routinely stated that compliance with this Rule requires the timely provision of a privilege log, and that failure to do so can constitute a waiver of any claimed privilege. *See Loop Al Labs Inc. v. Gatti*, 2016 WL 3001158, *2 (N.D.Cal. May 25, 2016); *Robinson v. County of San Joaquin*, 2014 WL 3845775, *1 (E.D.Cal. July 31, 2014) ("Privilege logs should contain the following information: general nature of the document, the identity and position of its author, the date of authorship, identity and position of recipients, location of the document, and reason document was withheld.")

Furthermore, while Defendants have interposed privilege objections to each and every Request, they have improperly failed to state whether or not any otherwise responsive documents were withheld, in violation of Fed.R.Civ.Proc. 34(b)(2)(C). The SEC requests that Defendants be required to state whether any privileged materials are being withheld, and to produce the detailed privilege log federal rules require, on or before January 18, 2019.