# EXHIBIT E

Anthony N. DeMint (Admitted Pro Hac Vice)
Email: anthony@demintlaw.com
**DeMint Law, PLLC**
3753 Howard Hughes Parkway
Second Floor Suite 314
Las Vegas, Nevada 89169
Telephone: (702) 714-0889

Darryl C. Sheetz (SBN 98604)
Email: dcsheetz@aol.com
**Law Offices of Darryl C. Sheetz**
335 Centennial Way, Suite 100
Tustin, California 92780
Telephone: (949) 553-0300

Attorneys for Defendants
Premier Holding Corporation and Randall Letcavage

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>PREMIER HOLDING CORPORATION, et al.<br><br>Defendants. | CASE NO:<br>8:18-cv-00813-CJC-KES<br><br>**DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Date:  n/a<br>Time:  n/a<br>Place:  Courtroom 9B<br>Judge:  Hon. Cormac J. Carney |

Pursuant to the requirements of NRCP 26, 33 and 34, and Central District of California Local Rule 34-2, Defendant Premier Holding Corporation hereby objects and responds to Plaintiff's First Request for Production of Documents to Defendant as follows:

1

## GENERAL OBJECTIONS

Defendant asserts and incorporates by reference the following general objections to Plaintiffs' Request for Production of Documents as though they were set forth in full in each response:

1. Defendant objects to Plaintiff's request for production of documents to the extent that the requests are overly broad and unduly burdensome, and to the extent that Plaintiff seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement / investigatory files privilege, and other applicable privileges. Defendant also objects to the extent that Plaintiff's request for production of documents seeks information protected from disclosure under any applicable law which would subject Defendant to civil or criminal penalties or other sanctions in the event of unauthorized disclosure. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege.

2. Defendant objects to Plaintiff's request for production of documents to the extent that Plaintiff seeks the discovery of information which is beyond the scope of this lawsuit, and therefore irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

3. This response is made without waiver of, and with express reservation of all questions as to competency, relevancy, materiality, and admissibility of the responses to document requests as evidence for any purpose in any further proceedings in this action (including the trial of this action) or in any other action.

4. Likewise, Defendant's objections to Plaintiff's request for production of documents are based upon the information presently known by the Defendant, and are made without prejudice to the Defendant's right to assert additional objections in the event that additional grounds for objections should be discovered by the Defendant subsequent to this response. Without waiving the above objections, Defendant will provide responses to relevant,

2

*Case No.* 8:18-CV-00813-CJC-KES
*DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS*

non-privileged matters based on information currently available to him, subject only to the requirements for supplementation of responses contained in Fed. R. Civ. P. 26(e).

5. Defendant objects to the requests to the extent they attempt to impose obligations that are inconsistent with, or beyond the scope of, those imposed by or authorized under the Federal Rules of Civil Procedure or other applicable law.

6. Defendant objects to the requests to the extent they seek documents or information in the possession, custody, or control of entities or persons other than Defendants.

7. Defendant objects to the requests to the extent they seek documents or information that no longer exists or has otherwise been lost, misplaced, or destroyed.

8. Defendant objects to the requests as unduly burdensome to the extent that they seek documents previously produced to the Plaintiff and their attorneys and/or are publicly available on the Internet. Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for the Plaintiff as for the Defendant.

## STATEMENT ON SUPPLEMENTATION

Defendant's investigation in this action is ongoing, and Defendant reserves the right to rely on and introduce information in addition to any information provided herein at the trial of this matter or in other related proceedings. Defendant has yet to receive complete discovery responses from Plaintiff. Defendant anticipates that facts he learns later in the litigation may be responsive to one or more of the discovery requests and therefore, Defendant reserves his right to supplement these responses at appropriate points throughout this litigation without prejudice and/or to otherwise make available to Plaintiff such information. Defendant also reserve the right to change, modify or enlarge the following responses based on additional information, further analysis, and/or in light of events in the litigation such as rulings by the Court. Defendant

3

*Case No.* 8:18-CV-00813-CJC-KES
DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

reserves the right to rely on or otherwise use any such amended response for future discovery, trial or otherwise.

## SPECIFIC OBJECTIONS AND RESPONSES

Defendant expressly incorporates the above objections as though set forth fully in response to each of the following individual requests, and, to the extent that they are not raised in the particular response, Defendant does not waive those objections.

Subject to and without waiving the foregoing objections, Defendant provides the following responses:

## DOCUMENT REQUESTS

In addition to voluminous documents produced to Plaintiff during the investigation of the claims made in this matter, Defendant is producing a DVD Labeled "Premier Discovery Disc #1 dated August 10, 2018 (the "*Discovery Disc*"). The Discovery Disc contains electronic documents.

**Request No. 1:** All accounting records (in electronic format, and for items for which electronic accounting records do not exist, all paper records) including but not limited to financial statements, profit and loss statements, general ledgers, trial balances, cash disbursement journals, cash receipt journals, adjusting journal entries, and records which support the information in the Financial Information section of Premier's: (i) Forms 10-K for year ended 2012; (ii) Form 10-K for year ended 2013, (iii) Form 10-Q for the quarterly period ending March 31, 2013; (iv) Form 10-Q for the quarterly period ending June 30, 2013; and (v) Form 10-Q for the quarterly period ending September 30, 2013 ("Filings"), including, for each of the Filings: the Condensed Consolidated Balance Sheets, Unaudited Condensed Consolidated Statements of Operations For the three and nine months prior, and Unaudited condensed Consolidated Statements of Cash

4

*Case No.* 8:18-CV-00813-CJC-KES
*DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS*

Flows For the three and nine months prior, and any user name and password required to access the data.

**Response to Request No. 1:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 2:** All documents relating to the valuation of Premier, TPC, and WePower Eco Corp., including but not limited to: (i) the "diligence binder" that supports the TPC purchase price paid by Premier; and (ii) all documents relied upon by Premier to identify to Premier the number and value of the deregulated energy contracts in hand as of May 30, 2013.

**Response to Request No. 2:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 3:** Documents sufficient to identify the name, account number, and financial institution of all bank and brokerage accounts in the name of, controlled by, or held on behalf of Premier, including but not limited to, JP Morgan Chase & Co. account numbers 451457993 and

5

*Case No.* 8:18-CV-00813-CJC-KES
DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

181602283 (both Premier accounts), and 228002972 (an account of Premier subsidiary Energy Efficiency Experts).

**Response to Request No. 3:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 4:** All operating agreements, corporate resolutions, board meeting minutes, and documents relating to operating agreements, corporate resolutions, and board meetings of Premier.

**Response to Request No. 4:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 5:** Documents sufficient to identify any services provided by Premier and TPC.

**Response to Request No. 5:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including

6

the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 6:** All documents concerning the Premier press release dated May 30, 2013 entitled "Premier Holding Turnaround," including but not limited to:

    a.    All documents concerning the "account[ing] for assets recently acquired from [TPC]."

    b.    All documents concerning the "proper capitalization and valuation of assets acquired pursuant to the recent transaction."

    c.    All documents concerning "Shareholders equity [of] $5,932,397... due primarily to the preliminary valuation of $4,500,000 in deregulated energy contracts from [TPC], and net income of $488,147."

    d.    All documents concerning the claim that "these deregulated energy contracts in hand today are worth approximately $20,000,000 if the company chose to sell them off in the deregulated energy markets."

    e.    All documents concerning the claim that TPC "continues to add 1,500 to 2,000 new contracts each month."

    f.    All documents concerning the claim that "[t]he market value of these contacts at year end, December 31, 2013, should exceed $35,000,000 (if the company chose to sell them)."

    g.    All documents concerning the value of "the commercial accounts being serviced by [TPC]."

    h.    All documents concerning the $869,000 in revenue" obtained by Premier "from the disposition of the assets of WePower ... and the initiation of revenue generation in both Energy Efficiency Experts and [TPC]."

7

*Case No.* 8:18-CV-00813-CJC-KES
*DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS*

**Response to Request No. 6:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 7:** All documents concerning publicizing or marketing Premier ("Marketing Material"), including but not limited to all press releases, letters to investors, postings on all social media (including Twitter and Facebook), and postings on investor websites, which were disseminated in 2012 and 2013, including but not limited to the preparation or review of any such Marketing Material.

**Response to Request No. 7:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 8:** All documents concerning the preparation or review of any of the Premier documents filed with the U.S. Securities and Exchange Commission including but not limited to information sufficient to identify all persons involved with the drafting or review of those documents.

**Response to Request No. 8:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 9:** All documents concerning any compensation received by Letcavage (in any form) from Premier, including but not limited to all documents supporting compensation received by Letcavage from Premier (such as invoices, bills, and memoranda justifying the compensation).

**Response to Request No. 9:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 10:** All contracts, agreements, and arrangements between Letcavage and: (i) Premier, (ii) TPC, (iii) iCap; (iv) Green Central; (v) Nexalin; or (vi) WePower Eco Corp.

**Response to Request No. 10:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including

the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 11:** All documents concerning Doty Scott, including but not limited to all final and draft contracts, agreements, communications, reports, memoranda, and correspondence, with or concerning Doty Scott.

**Response to Request No. 11:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 12:** All documents that support the valuation figure of $869,000 of the note payable received by Premier in the WePower Eco Corp. sale to Donovan.

**Response to Request No. 12:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

10

Case No. 8:18-CV-00813-CJC-KES
DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 13:** All documents concerning the negotiations between Premier and Donovan and others on behalf of Donovan regarding the sale of the product line and prospects of WePowerEco Corp. in exchange for an unsecured promissory note in the face amount of $5,000, 000.

**Response to Request No. 13:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 14:** All documents concerning the diligence undertaken by Premier regarding the collectability of the unsecured promissory note in the face amount of $5,000,000 received by Premier in exchange for the sale of the product line and prospects with WePowerEco Corp. as of: (i) December 31, 2012; and (ii) quarterly in 2013.

**Response to Request No. 14:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 15:** All documents relied upon by Premier in support of the following statement from Premier's Form 10-K for the fiscal year ended December 31, 2012: "Loss from

11

*Case No.* 8:18-CV-00813-CJC-KES
*DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS*

discontinued operations of $756,912 for the year ended December 31, 2012 consisted of the losses from operations of our discontinued subsidiary, WEPOWER Ecolutions Inc."

**Response to Request No. 15:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 16:** All documents which support Premier's entry of $985,138 as its "Gain from sale of discontinued operations, net of income taxes" on Premier's Unaudited Consolidated Statements of Operations for the three month periods ended March 2013, from Premier's Form 10-Q for the quarterly period ended March 31, 2013.

**Response to Request No. 16:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 17:** All documents, including but not limited to all memoranda, emails, and other communications, concerning the accounting treatment for the sale of certain assets of WePower Eco Corp. in: (i) Premier's Form 10-K for the fiscal year ended December 31, 2012; and (ii)

12

*Case No.* 8:18-CV-00813-CJC-KES
DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Premier's Form 10-Q for the quarterly period ended March 31, 2013.

**Response to Request No. 17:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 18:** All documents concerning Premier's goodwill impairment analysis quarterly from March 31, 2013 to December 31, 2013.

**Response to Request No. 18:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 19:** All documents concerning the following (from Premier's FY 2013 Form 10-K, Note 9 – Subsequent Events):

> WePower LLC returned 5,000,000 common shares of the Company previously issued related to the sale of TPC, and in exchange for the promissory note in the face amount of $5,000,000 (and valued at 869,000 on the Company's financial statements as of December 31, 2013), the Company had returned an additional 2,500,000 common shares.

**Response to Request No. 19:**

13

*Case No.* 8:18-CV-00813-CJC-KES
*DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS*

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 20:** All of Premier's accounting policies, procedures, and any other accounting guidelines.

**Response to Request No. 20:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 21:** All documents concerning "sales lead generation" (as described in Note 6 – Related Party Transaction, in Premiers FY 2013 Form 10-K).

**Response to Request No. 21:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are

14

*Case No.* 8:18-CV-00813-CJC-KES
*DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS*

included on the Discovery Disc.

**Request No. 22:** All documents concerning Premier private placements.

**Response to Request No. 22:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 23:** Documents reflecting all sums paid to employees of Nexalin by Premier or on Premier's behalf.

**Response to Request No. 23:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 24:** A schedule of all individuals receiving compensation for business referrals.

**Response to Request No. 24:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to

15

*Case No.* 8:18-CV-00813-CJC-KES
DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 25:** All day books, planners, and calendars.

**Response to Request No. 25:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

**Request No. 26:** Documents sufficient to identify:

    a.    all investors in New York state;
    b.    all TPC contracts with individuals in New York state;
    c.    all press releases issued to potential investors in New York state;
    d.    all materials issued to or sent to persons in New York state; and
    e.    all services provided by persons or entities located in New York state.

**Response to Request No. 26:**

Defendant objects to this Request to the extent that it calls for documents (including attorney notes and memoranda) protected from production by a privilege or protection, including the attorney-client, and work product privileges, and will not be producing materials subject to those or other privileges. In addition, many of such documents were produced to Plaintiff during the investigation stage of this matter. In addition, documents responsive to this request are included on the Discovery Disc.

DATED: August 13, 2018

                    DEMINT LAW, PLLC

                    By: */s/ Anthony N. DeMint*

                    Anthony N. DeMint (*Admitted Pro Hac Vice*)
                    Attorney for Defendant – Premier Holding Corporation
                    3753 Howard Hughes Parkway
                    Second Floor Suite 314
                    Las Vegas, Nevada  89169
                    Telephone: (702) 714-0889
                    anthony@demintlaw.com

17

Case No. 8:18-CV-00813-CJC-KES
DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

DeMint Law, PLLC
3753 Howard Hughes Parkway, Second Floor Suite 314, Las Vegas, NV 89169
Telephone No. (702) 714-0889

On August 13, 2018, I caused to be served the document entitled **DEFENDANT PREMIER HOLDING CORPORATION'S OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☒ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Las Vegas, Nevada, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☐ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: August 13, 2018

Anthony N. DeMint

## SEC v. Premier Holding et al.
United States District Court—Central District of California
Case No. 8:18-cv-00813-CJC-KES

## SERVICE LIST

Howard A. Fischer (served by email, regular mail and Federal Express)
Bennett Ellenbogen (served by email, regular mail and Federal Express)
Securities and Exchange Commission
200 Vesey Street
New York, New York 10281
*Attorneys for Plaintiff Securities and Exchange Commission*

Joseph Greenblatt (served by email and regular mail)
1701 Brookshire Ave. Tustin, CA 92780-6642
Email: jboatjoe@gmail.com
*Pro Se*