# EXHIBIT G



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0589

November 14, 2018

Anthony DeMint, Esq.
DeMint Law, PLLC
3753 Howard Hughes Parkway
Second Floor, Suite 314
Las Vegas, NV 89169

Re: <u>SEC v. Premier Holding Corp., et al., Case No. 18:00813 (CJC)(KES)</u>

Anthony:

We write pursuant to Local Rule 37-1 regarding various deficiencies in your clients' August 13, 2018 Objections and Responses to the SEC's March 13 Requests for Documents to Defendants Randall Letcavage ("Letcavage") and Premier Holding Corporation ("Premier") (collectively, "Defendants") (hereinafter "Letcavage Request" and "Premier Request" – references to the August 13, 2018 individual responses thereto will be to the "Letcavage Response" and "Premier Response.") Please provide us a date for the required meet and confer regarding the issues set forth below.

Rather than provide individual responses to each discovery request, Defendants have submitted the same blunderbuss response to each request: (1) that the documents sought are protected from disclosure by a privilege or protection, including attorney-client and work product, and thus won't be produced; (2) that many documents were previously produced during the investigation stage of this matter; and (3) that responsive documents are being produced. This standardized, rote response is improper for several reasons. Furthermore, it appears that representations that responsive documents have been produced for each and every Request are false. The specific shortcomings are detailed below:

A. **<u>Defendants' Privilege Assertions Are Baseless</u>**.

1. **<u>Defendants Have Failed to State Whether Documents Were Withheld</u>**

First, while Defendants have interposed privilege objections to each and every Request, they have improperly failed to state whether or not any otherwise responsive documents were withheld. A responding party simply cannot provide rote objections to each request, but must state whether or not documents are being withheld pursuant to the objections. *See* Fed.R.Civ.Proc. 34(c). Please state whether or not any documents are being withheld due to any purported privilege, and do so within a week of receipt of this letter.

## 2. Defendants Have Improperly Asserted Privilege

Second, Defendants' assertion of privilege is entirely without any conceivable legitimate basis. For example, it is hard to fathom how any privilege would pertain to accounting analyses, records or materials (Letcavage Request Nos. 1, 16, 17, 18, 20, 27; Premier Request Nos. 1, 16, 17, 18, 20), due diligence and valuation materials (Letcavage Request Nos. 2, 12, 14; Premier Request Nos. 2, 12, 14), corporate governance documents (Letcavage Request No. 4; Premier Request No. 4), public statements or filings by Premier (Letcavage Request Nos. 6, 7, 8, 15, 19, 21; Premier Request Nos. 6, 7, 8, 15, 19, 21), various contractual relations, communications and agreements (Letcavage Request Nos. 5, 9, 10, 12, 13, 23, 24; Premier Request Nos. 5, 9, 12, 13, 23, 24), or communications with third parties (Letcavage Request Nos. 11, 28; Premier Request No. 11).

It is incomprehensible how these documents could have been obtained or prepared by counsel in anticipation of litigation so as to accord them work product protection, and we do not see how you can sustain your burden of showing such a privilege applies. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 192 (C.D. Cal. 2006); *see also United States v. City of Torrance*, 163 F.R.D. 590, 593 (C.D.Cal.1995) ("The party claiming work product immunity has the burden of proving the applicability of the doctrine."); *Folz v. Union P. R. Co.*, 13-CV-00579-GPC-PCL, 2014 WL 2860271, at *4 (S.D. Cal. June 23, 2014) (citing *Garcia v. City of el Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003). Please identify the basis for claiming this privilege applies.

Nor can attorney-client protection apply to these document categories. The mere fact that corporate documents may have ultimately been read by an attorney is legally irrelevant. *In Re Northrop Grumman Corp. ERISA Litig.*, 2010 WL 11468584, *4 (C.D.Cal. June 29, 2010) ("An entity cannot insulate documents from discovery simply by sending a "cc" to counsel."). Nor does the privilege extend to communications with or involving third parties. *U.S. v. Palmer*, 536 F.2d 1278, 1281 (9th Cir. 1976).

Moreover, as is well-established, the burden is on the party asserting the attorney-client privilege to establish all of the elements of the privilege. A party asserting attorney-client privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which the privilege is asserted. *Folz v. Union P. R. Co.*, 13-CV-00579-GPC-PCL, 2014 WL 2860271, at *4 (S.D. Cal. June 23, 2014) (citing *United States v. Osborn*, 561 F.2d 1334, 1339 (9th Cir. 1977)). The Ninth Circuit requires that "the party claiming the privilege must demonstrate that 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *In re Grand Jury Subpoena (Torf)*, 357 F.3d 900, 908 (9th Cir. 2004) (citing *Senate of P.R. v. Dep't of Justice*, 823 F.2d 574, 587 (D.C. Cir. 1987)).

Thus, if Defendants are claiming that work product or attorney-client privilege applies, please (1) identify the documents to which the privilege is claimed to attach and (2) set out the factual basis for each claimed privilege.

2

### 3. Defendants Have Failed to Provide a Privilege Log

Finally, we note that failure to provide a privilege log makes these issues moot. Rule 26(b)(5) provides that "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." California courts have routinely stated that compliance with this Rule requires the timely provision of a privilege log, and that failure to do so might constitute a waiver of any claimed privilege. *See Loop AI Labs Inc. v. Gatti*, 2016 WL 3001158, *2 (N.D.Cal. May 25, 2016); *U.S. v. Union Pacific R. Co.*, 2007 WL 1500551, *3 (E.D.Cal. May 23, 2007)(" The requisite detail for inclusion in a privilege log consists of a description of responsive material withheld, the identity and position of its author, the date it was written, the identity and position of all addressees and recipients, the material's present location, and specific reasons for its being withheld, including the privilege invoked and grounds thereof.") Moreover, such logs are due at the time a discovery response is made. *Robinson v. County of San Joaquin*, 2014 WL 3845775, *1 (E.D.Cal. July 31, 2014) ("Privilege logs should contain the following information: general nature of the document, the identity and position of its author, the date of authorship, identity and position of recipients, location of the document, and reason document was withheld.") Indeed, the Requests, specifically instruct your clients to produce such privilege log.

### B. Defendants Have Failed to Identify Documents Produced

In order to facilitate Defendants' ability to respond to discovery requests, the SEC provided, in bates stamped fashion, the entirety of the prior production to Defendants. This was done because the productions during the investigation were incomplete, not identifiable by bates stamp or any other system, and incomplete. The SEC's document requests instructed Defendants that while they did not have to re-produce documents previously provided in the investigation, they had to identify those documents by bates numbers.

This was not done. The simple assertion that "many of such documents" were previously produced during the investigation is close to useless absent the identification, by bates number, of which previously provided documents satisfy each request. It appears that Defendants simply cut-and-paste a boilerplate response to each Request for Documents without bothering to determine whether or not responsive documents had been previously provided.

If Defendants made a good faith effort to determine whether or not prior productions were fully responsive, they would have had to go through those prior productions. In doing so, in order to keep track surely Defendants would have taken note of which documents satisfy which requests. The failure to follow this instruction raises the inference that no good faith effort was made to determine whether or not a prior production satisfied any specific request.

If you continue to contend that any documents previously produced were responsive to any part of either the Letcavage Requests or the Premier Letcavage Requests, please identify them by

3

bates stamp and date of production within a week of this letter, or we will rightfully assume that you have not produced responsive documents.

### C. Defendants Failed to Produce Responsive Documents

Furthermore, a review of the documents produced indicates that for many requests there were no responsive documents, notwithstanding the boilerplate response to every request that "documents responsive to this Request" were produced. Of the various Requests, Defendants only produced documents responsive to Request Nos. 1, 2, 4, 9, 10, 13 and 14; and it appears that these productions were incomplete. If these productions are in fact complete, please confirm in writing.

Where are the rest of the responsive documents?

- If you are claiming that documents produced during the investigation are responsive to the unanswered Requests, please identify those documents, as per each Request, by bates stamp number.

- If you claim that responsive documents would be privileged, please set forth the basis of such privilege, and provide a privilege log.

- If you claim that there are no responsive documents, please state so with respect to each request for which you claim that to be the case.

\* \* \* \* \*

We would like to set a time in the next week to discuss the above. Please provide several times you will be available.

Regards,

Howard A. Fischer
Senior Trial Counsel

4

| | |
|---|---|
| **From:** | Fischer, Howard |
| **To:** | Anthony DeMint (anthony@demintlaw.com) |
| **Cc:** | Ellenbogen, Bennett |
| **Subject:** | RE: Our discussion earlier today |
| **Date:** | Wednesday, November 14, 2018 5:23:00 PM |
| **Attachments:** | 11.14.2018 Letter re open discovery items.pdf |

Anthony:

Notwithstanding what we understood to be your representation to us last week that we would hear back from you regarding the status of the matters set forth below, we have not received either any materials nor a report on the status of the requests set out in our earlier correspondence. While we would prefer not to have to resort to motion practice, we are concerned that your lack of response might force our hand.

Additionally, having had a chance to fully review your prior production, we have concluded that it is seriously deficient. The full extent of that deficiency is set out in the attached correspondence. We would like to set up a time to meet and confer regarding those deficiencies; please provide the times you are available in the next week.

Regards,

Howard

---

**From:** Fischer, Howard
**Sent:** Wednesday, November 07, 2018 3:47 PM
**To:** Anthony DeMint (anthony@demintlaw.com)
**Cc:** Ellenbogen, Bennett
**Subject:** Our discussion earlier today

Anthony:

It was a pleasure speaking with you earlier. I wanted to confirm several items.

First, the 30(b)(6) deposition of Randall Letcavage will be held at our Los Angeles office, at 9:30 am PST on Thursday, December 6.

Second, with respect to our letter of October 30, 2018, you have advised us that you are in the process of responding to the requests set forth therein. You have advised us that your current understanding is that Premier does not and has not maintained a centralized document depository or keep its emails on one centralized server. You have also advised us that you understand that Premier emails were archived on individual machines. (Please advise us if that understanding changes.) Consequently, your client is looking through various sources to obtain responses to our follow-ups from Ms. Absher's testimony. Furthermore, when we asked if you had looked to determine whether Ms. Absher's computer was still present in the office, you said you would check.

Third, we agreed that we would have a follow up call or email next Tuesday, November 13, to check the status of the above.

Fourth, we asked you if you would agree that, to the extent the parties could not consensually resolve discovery disputes going forward, rather than following the procedures set out in Local Rule 37 we resort instead to the procedures set out in Judge Magistrate Scott's Individual Rules. Local Rule 37 can be found at:
https://www.cacd.uscourts.gov/sites/default/files/documents/2018%20June%20LRs%20Chap%201_0.pdf

The Magistrate's abbreviated procedure can be found at:
https://www.cacd.uscourts.gov/honorable-karen-e-scott

Regards,

Howard
Howard Fischer
Senior Trial Counsel
Securities & Exchange Commission
Brookfield Place, 200 Vesey Street
Room 17-216
New York, NY 10281.
Tel: (212) 336-0589
Cell: (917) 226-1943
Fax: (703) 813-9490
FischerH@SEC.gov