# EXHIBIT I



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0589

October 30, 2018

Anthony DeMint, Esq.
DeMint Law, PLLC
3753 Howard Hughes Parkway
Second Floor, Suite 314
Las Vegas, NV 89169

    Re:    <u>SEC v. Premier Holding Corp., et al., Case No. 18:00813 (CJC)(KES)</u>

Anthony:

    We write for several reasons. First, after you unilaterally cancelled the scheduled 30(b)(6) deposition of Mr. Letcavage only days before it was to commence, you committed yourself to "getting a few dates from him over the weekend so we can firm up on Monday." Notwithstanding this representation, you were unable to provide other dates the following week. We then emailed you on October 25, 2018, seeking dates, but you never responded to this email. If we do not have dates from you by November 1, 2018, we will be forced to seek judicial relief to compel this deposition for one of the dates we previously provided to you.

    Furthermore, we write about certain disturbing revelations during the testimony of Connie Absher on October 18, 2018. First, Ms. Absher stated that the Quickbooks introduced as Exhibit 39 at her deposition likely would have had documents attached constituting back up for many of the entries. *See, e.g.*, Absher Transcript at 74, 76-77. As Ms. Absher testified, "I kept files for pretty much everything." *Id.* at 78.

    Second, Ms. Absher testified that there were emails and other documents memorializing her audit of TPC contracts. Transcript 103. Ms. Absher also testified that with respect to the results of her exercise: "I'm pretty sure I had it in an Excel sheet, so I think there was a document created." Transcript at 107; *see also id.* at 109 ("I remember I had to write it on something.")

    While these materials would be responsive to multiple document requests during both the investigation and this litigation,[1] they do not appear to have been produced in either. We are demanding that you either provide them within one week of this letter, or have a responsible party state, under oath and penalty of perjury, that no such documents exist. If they once existed but have since been destroyed, please identify the circumstances of that destruction. If you claim that they were in fact provided during the investigation or in response to the SEC's discovery request in

---

[1] *See, inter alia*, Document Request Nos. 1, 2, 6, 9, and 23, among others.

this action, please identify them by bates stamp or other identifying mark and by date of production.

Finally, in addition to the documents discussed above, Premier's and Letcavage's productions in both the investigation and litigation appear wholly lacking. Despite several requests, no attorney has confirmed in writing that the productions constitute all responsive documents in Premier's possession, custody, and control during the investigation or this litigation. Please confirm in writing that all documents in your clients' possession, custody and control responsive to the requests have been produced or produce them within one week of this letter.

We are happy to discuss the above with you. However, please be advised that we reserve our rights to seek relief in the courts should we not receive satisfactory responses within the time limit set forth above.

Regards,

Howard A. Fischer
Senior Trial Counsel

2