# DeMint Law, PLLC

**Anthony N. DeMint**
Managing Member

| | |
|---|---|
| 3753 Howard Hughes Parkway | Direct Dial: (702) 714-0889 |
| Second Floor, Suite 314 | Facsimile: (702) 442-7995 |
| Las Vegas, Nevada 89169 | Email: anthony@demintlaw.com |

## In re SEC v. Premier Holdings, et al., 18-cv-00813 (CJC)(KES)

**PRE-CONFERENCE SUBMISSION OF DEFENDANTS PREMIER HOLDING CORPORATION AND RANDALL LETCAVAGE WITH RESPECT TO INFORMAL DISCOVERY DISPUTE RESOLUTION BEFORE MAGISTRATE JUDGE KAREN E. SCOTT**

January 2, 2019

Anthony N. DeMint
Attorney for Defendant
DeMint Law, PLLC
3753 Howard Hughes Parkway, Second Floor Suite 314
Las Vegas, Nevada 89169
(702) 714-0889
Email: anthony@demintlaw.com

cc:   Opposing counsel (via ECF)

Defendants, Premier Holding Corporation ("Premier") and Randall Letcavage ("Letcavage"), have diligently done their best to comply with the Plaintiff's discovery requests. However, due to their collective scare monetary and employee resources the requests have proven to be unduly burdensome. Defendants stated this objection as the very first objection in their responses to the Plaintiff.

Since this action has commenced, Premier has suffered tremendous employee and advisor turnover, which has resulted in Premier only having one full-time administrative employee and little operating capital. In addition, the financial strain this case has brought on to both Premier and Letcavage has been devastating. Premier has a scarcity of very limited financial and labor resources.

Defendants in good faith and within their limited abilities have produced thousands of pages of discovery responses and have committed to produce additional responses, if any, when they have the time and resources to do such. Premier is a very small, development-stage company in need of additional administrative resources without the ability to pay for them.

Plaintiff admits it has received many discovery responses, both in this case and in the prior investigative matter, however did not like the way they were produced. Defendants, despite limited resources, have tried their professional best to accurately and timely respond to Plaintiff requests.  Plaintiff's own discovery responses lacked identification of what was provided. Plaintiff merely provided a thumb drive with millions of documents, most in unsearchable format, without an index or other easily identifiable way of knowing what was produced.

Plaintiff refers to documents identified by Ms. Absher, which Defendants failed to produce. Ms. Absher is no longer engaged by Premier and has not been for quite a long time. Any records she left behind are in hard copy or not easily locatable by the current sole

administrative employee. Premier has tried to engage additional support staff, but its current financial situation has proven such efforts fruitless.

      Defendants have not refused to provide a 30(b)(6) witness. Premier properly notified Plaintiff that Premier was designating Ms. Megan Bradshaw as its 30(b)(6) witness; however, Ms. Bradshaw had recently lost her mother and was not able to sit for the prior scheduled deposition. Ms. Bradshaw stands ready for a deposition at an agreeable time and place. Premier, in its already suffering financial position, should not made to pay any of the Plaintiff's costs or fees as requested.