Anthony N. DeMint (Admitted Pro Hac Vice)
Email: anthony@demintlaw.com
**DeMint Law, PLLC**
3753 Howard Hughes Parkway
Second Floor Suite 314
Las Vegas, Nevada  89169
Telephone: (702) 714-0889

Darryl C. Sheetz (SBN 98604)
Email: dcsheetz@aol.com
**Law Offices of Darryl C. Sheetz**
335 Centennial Way, Suite 100
Tustin, California  92780
Telephone: (949) 553-0300

Attorneys for Defendants
Premier Holding Corporation and Randall Letcavage

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PREMIER HOLDING CORPORATION, et al.,<br><br>Defendants. | *Case No*. 8:18-CV-00813-CJC-KES<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE OF COURT TO WITHDRAW AS COUNSEL OF RECORD FOR PREMIER HOLDING CORPORATION AND RANDALL LETCAVAGE**<br><br>Date:   February 25, 2019<br>Time:  1:30 p.m.<br>Ctrm:  7C (Hon. Cormac J. Carney) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on February 25, 2019 at 1:30 p.m. or as soon thereafter as the matter may be heard, before the Honorable Cormac J. Carney, United States District Judge, Courtroom 7C, United States Courthouse, 350 West 1st Street, Los Angeles, California  90012, Anthony N. DeMint of DeMint Law, PLLC ("DeMint") shall and does hereby seek leave of this court to withdraw as counsel for Defendants, Premier Holding Corporation ("Premier") and Randall Letcavage ("Letcavage")(together Premier and Letcavage, the "Defendants").

1

1    The motion will be made on the grounds that because of Defendants' failure to respond to

2  and comply with DeMint, it has become unreasonably difficult for DeMint to carry out effective

3  representation, and that Defendants have not promptly paid DeMint's invoices, nor made

4  arrangements to do so.

5    This motion will be based on this Notice of Motion, the Memorandum of Points and

6  Authorities, and the Declaration of Anthony N. DeMint served and filed herewith, and on such

7  other oral and documentary evidence as may be presented at the hearing of the motion.

8

9

10  DATED: January 17, 2019

11                                    DEMINT LAW, PLLC

12

13                                    /s/ Anthony N. DeMint
                                      Anthony N. DeMint
14                                    *Attorney for Defendants*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1  Anthony N. DeMint (Admitted Pro Hac Vice)
   Email: anthony@demintlaw.com
2  **DeMint Law, PLLC**
   3753 Howard Hughes Parkway
3  Second Floor Suite 314
   Las Vegas, Nevada  89169
4  Telephone: (702) 714-0889

5
   Darryl C. Sheetz (SBN 98604)
6  Email: dcsheetz@aol.com
   **Law Offices of Darryl C. Sheetz**
7  335 Centennial Way, Suite 100
   Tustin, California  92780
8  Telephone: (949) 553-0300

9
   Attorneys for Defendants
10 Premier Holding Corporation and Randall Letcavage

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14

15 | SECURITIES AND EXCHANGE
   | COMMISSION,                                  *Case No*. 8:18-CV-00813-CJC-KES

16

17 |                        Plaintiff,            **MEMORANDUM OF POINTS AND**
   |                                              **AUTHORITIES IN SUPPORT OF**
   | vs.                                          **MOTION TO WITHDRAW**
18

19 | PREMIER HOLDING CORPORATION, et              Date:   February 25, 2019
   | al.,                                         Time:   1:30 p.m.
20 |                                              Ctrm:   7C (Hon. Cormac J. Carney)
   |                        Defendants.
21

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

History of DeMint's Representation of Defendant

3

4

As set forth in the Declaration of Anthony N. DeMint ("DeMint Decl."), Defendants

5

engaged DeMint about twelve months ago, in January 2018, to represent them in this matter.

6

DeMint Decl. ¶ 3.

7

Unfortunately, Defendants subsequently violated the written retainer agreement with

8

DeMint in two serious and fundamental ways: (i) they failed to cooperate with DeMint in the

9

preparation and conduct of this matter; and (ii) they failed to pay DeMint's invoices in a timely

10

way (currently, a large sum is outstanding). Pursuant to the retainer agreement, failure to

11

cooperate and failure to pay promptly were agreed-upon reasons for DeMint to withdraw from the

12

representation. DeMint Decl. ¶¶ 4-10.

13

14

In June of 2018, DeMint gave written and oral notice to Defendants of its intention to

15

withdraw from this case unless communication and cooperation were greatly improved, and unless

16

payment arrangements were made. DeMint Decl. ¶ 7. In taking this position, DeMint was guided

17

by (i) Local Rule 182(d) (Fed. R. Civ. P. 83), "Attorneys," which provides that lawyers practicing

18

before this Court must adhere to the Rules of Professional Conduct of the State Bar of California

19

(hereinafter "California Rules"); and (ii) DeMint's awareness that California Rules 3-700(C)(1)(d)

20

and (f) permit a lawyer to withdraw from a matter when the client's conduct renders it

21

"unreasonably difficult for the [lawyer] to carry out the employment effectively" and when the

22

23

client breaches an agreement with the lawyer as to legal fees and expenses.

24

On January 8, 2019, when communication and cooperation had not improved, DeMint

25

gave notice to Defendants that it would seek to withdraw from representing them. DeMint Decl. ¶¶

26

8-16.

27

As DeMint was admitted in this matter *Pro Hac Vice*, Defendants already have retained

28

counsel to represent it in this matter (Mr. Darryl Sheetz), and on information and belief

1

1  Defendants will not object to DeMint's withdrawal. Indeed, Defendants have already specifically

2  requested from DeMint all documents pertaining to the instant action so that they can prepare for

3  substitution of counsel, if necessary. DeMint Decl. ¶¶ 15, 17 & 21-22.

4      **A.      This Court Should Permit DeMint to Withdraw based on Defendants'**
              **Failure to Cooperate and Comply With and Failure to Pay DeMint**

5

6      The decision as to whether an attorney may withdraw is entrusted to the sound discretion

7  of the Court. *Beard v. Shuttermart of Cal., Inc.*, 2008 WL 410694 at * 2 (S.D. Cal. Feb. 13, 2008);

8  *United States v. Lundstrom*, 291 Fed. Appx. 76, 77 (9th Cir. 2008). In considering such a motion,

9  courts must weigh four factors.

10          (1) The reasons why withdrawal is sought; (2) the prejudice withdrawal may cause

11              to other litigants; (3) the harm withdrawal might cause to the administration of

12              justice; and (4) the degree to which withdrawal will delay the resolution of the case.

13  *Id. See also Stewart v. Boeing Co.*, 2013 WL 3168269 at * 1 (C.D. Cal. Jun. 19, 2013); *Kassab v.*

14

15  *San Diego Police Dept.*, 2008 WL 251935 (S.D. Cal. Jan. 29, 2008).

16      Here, as to the first factor, Defendants' refusal to respond to and comply with DeMint in

17  the conduct of this litigation, and its refusal to pay DeMint's invoices, are the reasons that

18  withdrawal is sought. Defendants' failure to respond to and comply with DeMint's requests was

19  not only a violation of Defendants' agreement with DeMint; this failure was, in addition, a

20  stumbling block that made it unreasonably difficult for DeMint to effectively represent Defendants

21  before this Court. *Cf. Beard*, 2008 WL 410694 at * 3 (permitting withdrawal where client's failure

22  to comply and communicate made it "unreasonably difficult" for the attorneys to adequately

23  continue representation); *Canandaigua Wine Co. v. Moldauer*, 2009 WL 89141 at * 2 (E.D. Cal.

24  Jan. 14, 2009) (permitting withdrawal, over the client's written objection, where it was clear that

25  attorney and client had "reached an impasse with respect to case strategy"). *And see Hepl v. Kluge*,

26  104 Cal. App. 2d 461 (1st Distr. Ct. of Appeal 1951) (permitting attorneys to withdraw where

27

28

1    there was "constant disagreement" about "the conduct of the litigation" and fees); *Board of*

2    *Trustees of Sheet Metal Workers v. AAA Mechanical Construction*, 2002 WL 32731427 at * 1

3    (N.D. Cal. Oct, 9, 2002) (permitting attorney to withdraw where the attorney-client relationship

4    had "broken down to such an extent that counsel no longer can represent" the client in the case.).

5    Detailed information regarding the history and significance of the breakdown of the relationship

6    between DeMint and Defendants, and the reason that it is unreasonably difficult for DeMint to

7    represent Defendants, can be provided to the Court *in camera.* See DeMint Decl. ¶ 9.

8

9          Similarly, Defendants' failure to pay DeMint's invoices was not only a violation of their

10   agreement with DeMint; it was also an unfair burden for DeMint to have such a large outstanding

11   non-payment. *Cf. Canandaigua Wine Co*., 2009 WL 89141 at *2 (permitting withdrawal over the

12   client's written objection where there was an impasse over client's payment of outstanding legal

13   fees); *Stewart*, 2013 WL 3168269 at * 2 (permitting unpaid attorney to withdraw even though no

14   substitute counsel had been retained, and stating, "The failure of a client to pay attorney's fees

15   provides a sufficient basis on which to grant a request to withdraw from representation.");

16

17   *Schueneman v. 1st Credit of America, LLC*, 2007 WL 1969708 at *7-8 (N.D. Cal Jul. 6, 2007)

18   (permitting unpaid attorney to withdraw because defendant breached agreement to pay him,

19   although no substitute counsel had been retained); *Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, 2008

20   WL 4814706 at *2 (C.D. Cal Oct. 30, 2008) (noting that failure to pay attorney's fees "alone can

21   be reason enough to grant a motion to withdraw").

22

23         As to the second factor, there will be no prejudice to either litigant in this case. As set forth

24   in the Declaration of Anthony N. DeMint, Defendant already has retained counsel in this matter

25   (Mr. Sheetz) and legal counsel advising on this matter but not currently admitted (Mr. Robert

26   Ouriel). Further, Messrs. Sheetz and Ouriel have requested from DeMint all documents pertaining

27

28

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW*

1  to this case. It is therefore clear that Defendants have asked Messrs. Sheetz and Ouriel to proceed

2  swiftly to take over from DeMint in this matter. DeMint Decl. ¶¶ 12-15, 21-22.

3      Accordingly, Defendants will not be without representation here. *Cf. Stewart*, 2013 WL

4  3168269 at * 2 (allowing counsel to withdraw when there was no substitute counsel where there

5  was "sufficient time for new counsel to be hired and familiarized with the case"). Significantly,

6  when DeMint gave Defendants written and oral warnings that it intended to move to withdraw

7  from the representation, Defendants did not object – but instead instructed Messrs. Sheetz and

8  Ouriel to take over representation. DeMint Decl. ¶¶ 12-15, 17. The parties' statements and actions

9  are conclusive proof that they themselves do not consider that they would be prejudiced by

10 DeMint's withdrawal.

11     Third and fourth, DeMint's withdrawal would cause no harm to the administration of

12 justice and cause no delay in this case. DeMint does not seek to withdraw for tactical reasons or to

13 delay the case. To the contrary, given the poor relationship between Defendant and DeMint over

14 numerous months, DeMint's withdrawal could only have a beneficial effect and might lead to an

15 efficient resolution in this Court. DeMint Decl. at ¶¶ 19-22.

16     Specifically, over the year since DeMint's engagement, DeMint and Defendants have not

17 communicated well, and DeMint believes that it lacks the information and compliance it needs to

18 effectively represent Defendants. For instance, with respect to the recent discovery dispute heard

19 by Magistrate Judge Scott, DeMint was unable to discuss the referenced matters or required

20 discovery to be provided by January 28, 2019, though such discussion would be necessary for

21 DeMint to effectively represent Defendant's interests. *Cf. Hershey v. Berkeley*, 2008 WL 4723610

22 at * 2 (C.D. Cal. Oct. 24, 2008) (permitting counsel to withdraw where client's

23 "nonresponsiveness has rendered it nearly impossible" for counsel to prosecute the action).

24

25

26

27

28

4

1   Accordingly, DeMint's continued presence in the case, while having extremely poor

2   communications with and cooperation from the Defendants, could only harm efficiency and cause

3   additional delays. *See* DeMint Decl. ¶ 9, 11-14, 17, 21.

4       On the opposite side of the ledger, DeMint would be materially harmed if forced to remain

5   in the case, while being unpaid by Defendants and hampered by an unreasonably difficult

6   situation. It is beyond dispute that Defendants have violated the retainer agreement with DeMint

7   by failing to cooperate and comply, and failing to pay DeMint's invoices. Moreover, Defendants

8   have not made arrangements for payments, though they owe DeMint a large amount of money.

9   DeMint has represented Defendant for over one-year. For a significant portion of this work,

10  DeMint has not been compensated. DeMint Decl. ¶ 10.

11      To conclude, given the breakdown in the relationship between DeMint and Defendants,

12  Defendants' failure to cooperate and comply with DeMint, and Defendants' failure to pay DeMint,

13  this Court should allow DeMint to withdraw from the representation. Already admitted counsel is

14  working on this matter. Thus, the facts weigh heavily in favor of permitting DeMint to withdraw.

15      WHEREFORE, for all of the reasons stated herein and in the DeMint Declaration, DeMint

16  respectfully requests the Court's permission to withdraw as counsel for Defendants, and for such

17  other and further relief to which it may justly be entitled.

18

19

20

21  DATED: January 17, 2019                    Respectfully Submitted

22

23  By: _____

24      Anthony N. DeMint
        *Attorneys for Defendants*
25      Premier Holding Corporation and Randall
        Letcavage
26

27

28

5

*Case No.* 8:18-CV-00813-CJC-KES

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

DeMint Law, PLLC
3753 Howard Hughes Parkway, Second Floor Suite 314, Las Vegas, NV 89169
Telephone No. (702) 714-0889

On January 17, 2019, I caused to be served the document entitled **NOTICE OF MOTION AND MOTION FOR LEAVE OF COURT TO WITHDRAW AS COUNSEL OF RECORD FOR PREMIER HOLDING CORPORATION AND RANDALL LETCAVAGE, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, AND DECLARATION OF ANTHONY N. DEMINT, ESQ. IN SUPPORT THEREOF** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 17, 2019

Anthony N. DeMint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SEC v. Premier Holding et al.**
**United States District Court—Central District of California**
**Case No**. 8:18-cv-00813-CJC-KES

**SERVICE LIST**

Howard A. Fischer **(served by CM/ECF only)**
Bennett Ellenbogen **(served by CM/ECF only)**
Securities and Exchange Commission
200 Vesey Street
New York, New York  10281
***Attorneys for Plaintiff Securities and Exchange Commission***

Joseph Greenblatt **(served by email and regular mail)**
1701 Brookshire Ave. Tustin, CA 92780-6642
Email: jboatjoe@gmail.com
*Pro Se*

7

*Case No*. 8:18-CV-00813-CJC-KES

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW*