ALEXANDER VASILESCU (N.Y. Bar No. 227054) (admitted *pro hac vice*)
Email:  Vasilescua@sec.gov
BENNETT ELLENBOGEN (N.Y. Bar No. 2342772) (admitted *pro hac vice*)
Email:  Ellenbogenb@sec.gov
AMY JANE LONGO (Cal. Bar No. 198304)
Email:  longoa@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Brookfield Place
200 Vesey St., Suite 400
New York, NY 10281
Telephone: (212) 336-1100
Facsimile: (212) 336-1324

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PREMIER HOLDING CORPORATION, RANDALL LETCAVAGE, and JOSEPH GREENBLATT,<br><br>Defendants. | Case No. 18:00813-(CJC)-(KES)<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' SURREPLY IN OPPOSITION  TO MOTIONS FOR SUMMARY JUDGMENT AND PRECLUSION ORDER**<br><br>**Date:     November 16, 2020<br>Time:     1:30 p.m.<br>Courtroom:   9B<br>Before the Honorable Cormac J. Carney** |

The Securities and Exchange Commission ("SEC" or "Plaintiff") respectfully submits this Motion in Opposition to Defendants' Ex Parte Application For Leave To File Surreply In Opposition To Motions For Summary Judgment And Preclusion Order, dated November 11, 2020 ("Surreply").

On the eve of the return date for Plaintiff's Motions For A Preclusion Order And Summary Judgment ("Plaintiff's Motions"), Defendants have now filed *three* sur-reply papers (on November 6, 9, and 11) in response to Plaintiff's Motions. Filed under different headings, Defendants' "Notice of Lodgment" [Docket 199], "Status Report" [Docket 201], and "Ex Parte" filing for "Surreply" [Docket 202], these voluminous documents (47 exhibits, 2 declarations from Randall Letcavage, 2 declarations from counsel, and 25 page proposed brief), inappropriately seek to introduce new facts, documents and arguments. In addition to violating the Local Rules, there is absolutely no justification for these three surreply filings and, as Plaintiff noted previously, the avalanche of irrelevant documents and false arguments put forth by the Defendants is designed to confuse the record so that Letcavage, who relied on his Fifth Amendment, can escape summary judgment.

The SEC respectfully requests that this Court disregard these surreply papers and documents. Defendants had every opportunity to oppose Plaintiff's motions. Among other things, they previously filed an opposition brief with 52 pages, a 70-page Rule 56.2 document and 66 exhibits. They should not be allowed to inundate Plaintiff and the Court at the eleventh hour.

Plaintiff briefly addresses some of the arguments that Defendants put forth in support of their surreply papers.

First, in its reply papers, Plaintiff did not raise a single new argument, legal or factual, but instead properly rebutted the opposition papers Defendants filed on October 26, 2020. As to the cases regarding the relying on professionals defense, the Defendants raised this argument in their opposition papers, yet they failed to cite decisions in support of their position; because there are none. So in its reply papers, Plaintiff pointed out the relevant cases Defendants ignored. As to Mr. Wahl, the auditor from Anton & Chia, LLP, the Defendants created the issues about him where they claimed in their opposition that he approved Premier's valuation of the Note, and that he will testify at trial that it meets GAAP standards. Plaintiff has the right to rebut this by pointing out: 1) Wahl cannot be an expert as he was not previously disclosed as an expert, 2) he is not fit anyways to be an expert, and 3) Wahl made admissions against Premier that support summary judgment.

Nor do the Defendants have a basis to now file Docket 201.7, a Form 8-K that Premier filed in April 2014. Defendants could have filed that document in opposition to Plaintiff's motion on October 26, 2020 when they filed their main opposition. Moreover, its wholly irrelevant. DE 201.7 is a contract Letcavage entered into with Premier in 2014, after the period that is charged, and there is no claim about Letcavage's 2014 employment agreement, either in the Complaint, or in Plaintiff's

Summary Judgment Motions[1]. The SEC's case is about how Letcavage lied about his **2013** compensation and failure to disclose his employment agreement (in addition to the Note and valuing TPC for $20 million) while raising almost $7 million in **2013**. The contract that the SEC attached as an exhibit on summary judgment motion (DE 192.56 (Ex. 52)) is an employment contract for Letcavage dated and effective **January 1, 2013.** Significantly, Defendants did not disclose that Letcavage had a contract dated January 1, 2013.[2] Defendants are filing the irrelevant 2014 employment contract now simply to muddy the waters and divert the Court from the fact that Defendants did not disclose Letcavage's relevant employment agreement. See Premier's 2013 Form 10-K, p. 21 at SEC Ex. 38 -- DE 192.2 ("The Company has not entered into any employment agreements")

    Throughout the rest of their three surreply papers, Defendants make many other rabbit-hole arguments. Plaintiff's object to, and reject, *all* of the baseless, irrelevant, and, frankly perplexing claims in these documents. If the Court wishes

---

[1] The 2014 Employment Agreement available to the public in April 2014 does make oblique reference to the 2013 Employment Agreement, but does not disclose its terms.

[2] Note, Premier's Form 8-K Filing about the 2014 contract came after Letcavage testified before the SEC after the Klieg lights of the investigation were on him.

Plaintiff to address any of them, Plaintiff will be prepared during oral argument or by addition submission to address them if directed by the Court.

### Conclusion.

For the reasons stated above, the Plaintiff's motions for a preclusion order and summary judgment on liability against Letcavage and Premier should be granted.

Dated:  New York, NY
        November 12, 2020

                                          Respectfully submitted,
                                          */s/ Alexander Vasilescu*
                                          Alexander Vasilescu
                                          Bennett Ellenbogen
                                          Amy Longo
                                          Attorneys for Plaintiff
                                          Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

    U.S. SECURITIES AND EXCHANGE COMMISSION
    200 Vesey Street, Suite 400, New York, Ney York 10281
    Telephone No.  (212) 336-0062; Facsimile No.  (213) 443-1904.

On August 19, 2020, I caused to be served the document entitled PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM IN OPPOSITION TO EX PARTE MOTION FOR PERMISSION TO FILE SUR-REPLY PAPERS on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  November 12, 2020              /s_____
                                              Bennett Ellenbogen

**SEC v. Premier Holding Corp, et al.**
United States District Court – Central District of California
Case No. 18:00813-(CJC)-(KES)

**SERVICE LIST**

**Lahdan S. Rahmati**
**Law Offices of Lahdan S. Rahmati**
1901 Avenue of the Stars, Second Floor
Los Angeles, California 90067
Email: lrahmati@rahmatilawoffices.com

Counsel for Defendants Randall Letcavage and Premier Holding Corporation

*Pro Se Defendant*
Joseph Greenblatt
1701 Brookshire Ave. Tustin, CA 92780-6642
By Email: jboatjoe@gmail.com