1
2
3
4
5
6
7

```
                                              ┌─────────────────────────────┐
                                              │            FILED            │
                                              │  CLERK, U.S. DISTRICT COURT  │
                                              │   ┌─────────────────────┐   │
                                              │   │      1/20/2021      │   │
                                              │   └─────────────────────┘   │
                                              │ CENTRAL DISTRICT OF CALIFORNIA│
                                              │ BY: ____CW____       DEPUTY  │
                                              └─────────────────────────────┘
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.: SACV 18-00813-CJC(KESx) |
| Plaintiff, | |
| v. | JUDGMENT AS TO DEFENDANT RANDALL LETCAVAGE |
| PREMIER HOLDING CORPORATION, RANDALL LETCAVAGE, and JOSEPH GREENBLATT, | |
| Defendants. | |

    This matter came before the Court on the SEC's motions for summary judgment
and for relief against Defendant Randall Letcavage ("Letcavage" or "Defendant").
(Dkts. 192, 213.)  On November 30, 2020, the Court granted the SEC's motion for
summary judgment.  (Dkt. 208.)  On January 20, 2021, the Court granted the SEC's
motion for relief as to Letcavage and Premier Holding Corporation ("Premier").

**I.**

In accordance with the Court's Orders, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or

instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(a)] and Rule 13b2-1 thereunder [17 C.F.R. § 240.13b2-1] by:

(1) Knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act; or

(2) Directly or indirectly falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-14 thereunder [17 C.F.R.§ 240.13 a-14] by knowingly or recklessly making untrue statements in an issuer's period reports filed with the Commission while being a principal executive officer or principal financial officer of such issuer.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from aiding and abetting any violation of, or controlling any person who violates, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R.§§ 240.13 a-1, 240.13a-11, and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer, which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)], in connection with the filing of an annual report on Form 10-K, a current report on Form 8-K, or a quarterly report on Form 10-Q that is inaccurate or fails to contain material information necessary to make required statements, in light of the circumstances under which they are made, not misleading.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from aiding and abetting any violation of, or controlling any person who violates, Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)], by knowingly providing substantial assistance to an issuer that:

(a) fails to make and keep books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of an issuer; or

(b) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that-

(1) transactions are executed in accordance with management's general or specific authorization;

(2) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles, or any other criteria applicable to such statements, and to maintain accountability for assets;

(3) access to assets is permitted only in accordance with management's general or specific authorization; and

(c) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect any differences.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] [and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant is prohibited for five years following the date of entry of this Final Judgment from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $6,880,111, jointly and severally with Defendant Premier, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,811,389.41, totaling $8,691,500.41 Defendant shall satisfy this obligation by paying $8,691,500.41 to the Securities and Exchange Commission within 14 days after the entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Randall Letcavage as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

1

2          The Commission may enforce the Court's judgment for disgorgement and

3   prejudgment interest by moving for civil contempt (and/or through other collection

4   procedures authorized by law) at any time after 30 days following entry of this Final

5   Judgment.  Defendant shall pay post judgment interest on any delinquent amounts

6   pursuant to 28 U.S.C. § 1961.

7

8                                              **X.**

9

10         **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant

11  shall pay a civil penalty in the amount of $1,000,000 to the Securities and Exchange

12  Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and

13  Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

14

15         Defendant shall satisfy the obligation to pay a civil penalty ordered pursuant to this

16  paragraph by paying the amount ordered to the Securities and Exchange Commission

17  within 14 days after entry of this Final Judgment.  Defendant may transmit payment

18  electronically to the Commission, which will provide detailed ACH transfer/Fedwire

19  instructions upon request.  Payment may also be made directly from a bank account via

20  Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

21  Defendant may also pay by certified check, bank cashier's check, or United States postal

22  money order payable to the Securities and Exchange Commission, which shall be

23  delivered or mailed to:
              Enterprise Services Center
24            Accounts Receivable Branch
              6500 South MacArthur Boulevard
25            Oklahoma City, OK 73169

26

27

28

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Randall Letcavage as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

**XI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

DATED: January 20, 2021

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE