ALEXANDER M. VASILESCU (N.Y. Bar No. 2270254) (*Admitted Pro Hac Vice*)
Email: VasilescuA@sec.gov
BENNETT ELLENBOGEN (N.Y. Bar No. 2429488) (*Admitted Pro Hac Vice*)
Email: EllenbogenB@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
100 Pearl Street, Room 20-100
New York, New York 10004
Telephone:  (212) 336-0062

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> PREMIER HOLDING CORPORATION, et al., <br><br> Defendants. | Case No. 8:18-cv-00813-CJC-KES <br><br> **STATUS REPORT** <br><br> Judge:  Hon. Keren E. Scott <br> Courtroom: 6D <br> Date:   TBD <br> Time:  TBD |

.

Plaintiff Securities and Exchange Commission ("SEC") submits this Status Report in connection with the recently transferred discovery dispute.

1. As discussed herein, in addition to providing this Court with the background to this Motion to Compel Production, the SEC hereby seeks to: (i) confirm whether, consistent with Your Honor's Rules and Local Rule 37-1, the parties should file a joint stipulation and/or a statement concerning the parties meeting and conferring in connection with the SEC's pending Motion to Compel Production (Docket Entry "DE" 327);[1] (ii) seek leave to file an objection to Defendant Randall Letcavage's improper filings in connection with the SEC's motion, namely the sur-reply and objection to the SEC's proposed order (DE 336, 341); and (iii) seek leave to oppose Letcavage's request a 60 day delay of any hearing on this Motion.

2. By way of background, the SEC filed a Motion to Compel seeking Defendant Letcavage's production of certain documents. Currently, Letcavage is almost five months delinquent.

---

[1] Defendant Letcavage alleges that the parties have not met and conferred. (ECF 341-1 ¶ 8). In fact, the parties conferred regularly via email and phone on the outstanding documents the SEC seeks to compel Defendant Letcavage to produce. The SEC can provide the Court with evidence of numerous emails evidencing conferences over this if needed. In addition, the SEC has forwarded a draft joint stipulation to Letcavage's counsel, but nevertheless requests Court direction so both parties are clear on what this Court expects or requires herein.

1

3.      After the parties' fully briefed the motion, on June 12, 2023, Defendant Letcavage filed an impermissible sur-reply.[2]

4.      On June 14, 2023, Judge Carney referred this fully briefed discovery dispute to this Court (DE 338).  Thus, the SEC's filings complied with the then-presiding District Court Judge's practices and did not include a proposed order filed by the movant SEC, a Joint Stipulation or statement concerning the parties' meet and confer.

5.      The SEC has now filed a [Proposed] Order, consistent with Your Honor's Rule 7 and Local Rule 5.4, pertaining to discovery matters. (DE 339.)

6.      Counsel for Defendant Letcavage filed an improper and baseless Objection to the [Proposed] Order (DE 341).

7.      In addition, as a result of the above, the SEC respectfully seeks leave of Court to file a motion to strike Letcavage's impermissible sur-reply.  Local Rule 7-10 states that sur-replies are improper "absent prior written order."  In any event, the sur-reply admits that not all of the documents have been produced – underscoring the need for the Court's intervention to compel production.[3]

---

[2] L.R. 7-10 Reply Papers.  A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence.  Absent prior written order of the Court, the opposing party shall not file a response to the reply.

[3] Per Letcavage's sur-reply: "The actions of the Defendant has been more than substantial compliance to any discovery request."  In addition, Defendant's obligations concerning discovery arise from Court Order (DE 326) and not simply the SEC's discovery requests.

2

8. The SEC also seeks leave to request that the Court strike Defendant Letcavage's objection to the SEC's [Proposed] Order. (DE 341). In addition to being procedurally improper—as both the Court and Local Rules call for the moving party to file a proposed order[4]—the objection mischaracterizes the underlying factual record, including the Court's view of the discovery dispute. Among other things, Letcavage's objection to the proposed order states that Judge Carney "noted a lack of substance to the Plaintiff's complaints." In fact, during a December 2, 2022 hearing on the SEC's motion seeking to have Letcavage held in contempt, Judge Carney stated that:

> The SEC is entitled to know what are the assets that he's got. What's out there?.. It seems like there is assertion of a Fifth Amendment privilege that was improper. I sensed you were getting stonewalled in the information, and I don't have a problem if we want to use the court proceedings to get the information that you are entitled to. I have no problem with that." (ECF 324 at 114-115).

It is clear from the Court's statement on the record that there is a substantive issue concerning Defendant Letcavage's failure to produce documents. And he continues to stonewall.

9. Finally, the SEC objects to Letcavage's request for yet another delay in hearing this Motion for at least 60 days. Respectfully, the SEC brought this motion to compel Defendant Letcavage's production because Defendant Letcavage has ignored his Court ordered discovery obligations for nearly five months. Awarding him essentially a

---

[4] Hon. Scott's Rule 7. PROPOSED ORDERS FOR DISCOVERY MOTIONS: The moving party shall submit a proposed order per the procedures in Local Rule 5-4.4.; L.R. 7-20 Orders on Motions and Applications. A separate proposed order shall be lodged with any motion or application requiring an order of the Court, pursuant to L.R. 52-4.1.

3

two-month stay of his obligations would reward his improper conduct in failing to produce Court-ordered discovery.

Respectfully Submitted,

Dated: June 16, 2023

SECURITIES AND EXCHANGE COMMISSION

By: _____

Bennett Ellenbogen
Alexander Vasilescu
Attorneys for Plaintiff
Securities and Exchange Commission

# **CERTIFICATE OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is: 100 Pearl Street, Room 20-100, New York, NY 10004.

On , on or before June 16, 2023, I caused to be served the document entitled Status Report on all the parties to this action addressed as stated on the attached service list:

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated below.

*Attorneys for Defendant Premier Holding Corp. and Randall Letcavage*

> Randall Letcavage
> c/o Phillip G. Trad
> Law Offices of Phillip G. Trad
> Post Office Box 19093
> Irvine, CA  92623-9093
> PH: 949-632-4676
> Email: ptrad@roadrunner.com

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 16, 2023

/s    Bennett Ellenbogen
Bennett Ellenbogen

5